MORGAN, LEWIS & BOCKIUS LLP
John S. Battenfeld, Bar No. 119513
john.battenfeld@morganlewis.com
Brian D. Fahy, Bar No. 266750
brian.fahy@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel:   +1.213.612.2500
Fax:  +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Amy A. McGeever, Bar No. 296758
amy.mcgeever@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel:   +1.415.442.1000
Fax:  +1.415.442.1001

Attorneys for Defendants
AMAZON.COM SERVICES, INC.; AMAZON LOGISTICS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| ADRIANA PONCE, on behalf of herself and all others that are similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AMAZON.COM SERVICES, INC., a Delaware Corporation; AMAZON LOGISTICS, INC., a Delaware Corporation; ALAIN MONIE, a California Resident; JOHN BROWN, a California Resident; WILLIAM GORDON, a California Resident; and Does 1-100, inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL**<br><br>**[28 U.S.C. §§ 1332, 1441, 1446]** |

**TO THE CLERK OF THE NORTHERN DISTRICT OF CALIFORNIA AND PLAINTIFF AND HER COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE THAT** the primary Defendants Amazon.com Services, Inc. and Amazon Logistics, Inc. (collectively "Amazon" or "Defendants"), by and through their counsel, remove the above-entitled action to this Court from the Superior Court of the State of California, County of Marin, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. This removal is based on the following grounds:

I. **PROCEDURAL BACKGROUND**

1. On November 1, 2018, Plaintiff Adriana Ponce ("Plaintiff") filed an unverified putative class action complaint for damages in the Superior Court of the State of California, County of Marin, entitled *Adriana Ponce, on behalf of herself all others that are similarly situated, v. AMAZON.COM SERVICES, INC., a Delaware Corporation; AMAZON LOGISTICS, INC., a Delaware Corporation; ALAIN MONIE, a California Resident; JOHN BROWN, a California Resident; WILLIAM GORDON, a California Resident; and DOES 1-100, inclusive*, Case No. CIV1803937 (the "Complaint").

2. Plaintiff alleges that she, and a class of other similarly situated current and former employees of Amazon, were misclassified as independent contractors by Amazon.

3. Plaintiff seeks to represent a class of individuals who signed up for Amazon Flex and "who work or have worked as delivery drivers for Defendants in the State of California, who contracted directly with Amazon and who were classified by Amazon as independent contractors." (Exh. A, Compl. ¶ 1.)

4. Based on Plaintiff's belief that she was misclassified, Plaintiff alleges the following violations in seven causes of action against Defendants: (1) Failure to Reimburse for Business Expenses; (2) Failure to Pay Minimum Wage; (3) Failure to Provide Meal and Rest Periods; (4) Failure to Pay Overtime; (5) Failure to Furnish Accurate Wage Statements; (6) Failure to Pay Wages When Due & Waiting Time Penalties; and (7) Violation of the Unfair Competition Law. (Exh. A, Compl. ¶¶ 18-80.)

5.  On December 4, 2018, Plaintiff filed a First Amended Class Action Complaint ("First Amended Complaint").  The First Amended Complaint included one additional cause of action alleging "Violation of PAGA" as its seventh cause of action, making Violation of the Unfair Competition its eighth alleged cause of action.

6.  On December 17, 2018, Plaintiff served Amazon.com Services, Inc. and Amazon Logistics, Inc. with a copy of Plaintiff's original Complaint and Summons.  A copy of Plaintiff's Complaint, Summons and accompanying service documents is attached as **Exhibit A**.

7.  Upon information and belief, on December 30, 2018, Plaintiff served individual defendant John Brown ("Brown") with a copy of Plaintiff's original Complaint and Summons.

8.  On January 2, 2019, after reviewing the original Complaint, Defendants reached out to Plaintiff to request she voluntarily dismiss the improperly named individual defendants. During these conversations Defendants learned about Plaintiff's First Amended Complaint.

9.  On January 3, 2019, Defendants agreed to accept service of the First Amended Complaint on behalf of the Amazon Defendants.  A copy of Plaintiff's First Amended Complaint is attached as **Exhibit B**.  Exhibits A and B constitute all of the pleadings, process, and orders served upon Defendants in the Superior Court action.

10.  Upon information and belief, as of the filing of this Notice of Removal, Plaintiff still has not served individual defendant Alain Monie ("Monie") or individual defendant William Gordon ("Gordon"); nor has Plaintiff agreed to voluntarily dismiss the individual defendants.

## II.    REMOVAL IS TIMELY

11.  On December 17, 2018, Plaintiff served Defendants Amazon.com Services, Inc. and Amazon Logistics, Inc. with the summons and original Complaint, making service effecting on the Amazon Defendants on that date. The Amazon Defendants were the first served in this matter. Because this Notice of Removal is filed within thirty days of service of the Summons and Complaint, it is timely under 28 U.S.C. §§ 1446(b) and 1453.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 354 (1999).  No previous Notice of Removal has been filed or made with this Court for the relief sought in this removal notice.

### III. THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER CAFA

12. Plaintiff seeks to bring this action as a putative class action under Cal. Code Civ. Proc. § 382. (*See* Exh. B, FAC ¶ 1.) Here, removal based on Class Action Fairness Act ("CAFA") diversity jurisdiction is proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 because (i) the aggregate number of putative class members is 100 or greater; (ii) diversity of citizenship exists between one or more Plaintiffs and one or more Defendants; and (iii) the amount placed in controversy by the Complaint exceeds, in the aggregate, $5 million, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1453. Defendants deny Plaintiff's factual allegations and deny that Plaintiff, or the class she purports to represent, are entitled to the relief requested; however, based on Plaintiff's allegations in the Complaint and First Amended Complaint and their respective prayers for relief, all requirements for jurisdiction under CAFA have been met.[1] Accordingly, diversity of citizenship exists under CAFA, and this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2).

#### A. The Putative Class Has More Than 100 Members.

13. Plaintiff asserts claims on behalf of a putative class comprised of all "individuals who work or have worked as delivery drivers for Defendants in the State of California, who contracted directly with Amazon and who were classified by Amazon as independent contractors." (Exh. B, FAC ¶ 1.) Individuals crowdsourced through a smartphone-application-based program known as Amazon Flex who contract with Amazon are called Delivery Partners. (Defendants' Request for Judicial Notice in Support of Removal Exh. 1, Declaration of Piyush Lumba ("RJN Lumba *Keller* Decl."), ¶¶ 4-7.) These individuals provide delivery services for Amazon as independent contractors. (*Id.*) Based on Plaintiff's definition, the putative class contains more than 40,000 Delivery Partners as of August 26, 2018[2] who have performed

---

[1] Defendants do not concede, and reserve the right to contest at the appropriate time, Plaintiff's allegations that this action can properly proceed as a class action. Defendants do not concede that any of Plaintiff's allegations constitute a cause of action against it under applicable California law.

[2] Amazon is using data current as of August 26, 2018. As a result, Amazon's calculations undercount the number of putative class members, former Delivery Partners, and related calculations as to the amount allegedly in controversy.

delivery services through the Amazon Flex mobile application in California.  (Declaration of Peter Nickerson ("Nickerson Decl."), ¶¶ 3-5.)

### B. Diversity of Citizenship Exists.

14. To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists; that is, one putative class member is a citizen of a state different from that of one defendant.  28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

15. "An individual is a citizen of the state in which he is domiciled . . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).  For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Evidence of continuing residence creates a presumption of domicile. *Washington v. Havensa LLC*, 654 F.3d 340, 345 (3rd Cir. 2011).  Plaintiff admits that she worked in California and is a resident of California.  (Exh. B, FAC ¶ 4.)  The Complaint does not allege any alternate state citizenship.  Therefore, Plaintiff is a citizen of California for diversity jurisdiction purposes.  Moreover, Plaintiff has brought claims on behalf of putative class members who either currently work in or formerly worked for Amazon in the State of California. Thus, at least one putative class member is a citizen of California for diversity jurisdiction purposes.

16. Pursuant to 28 U.S.C. § 1332, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities…[I]n practice it should normally be the place where the corporation maintains its headquarters-

provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings[.]" *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S.Ct. 1181, 1192 (2010).

17. Delivery Partners enter into an "Independent Contractor Terms of Service" agreement with Amazon, which is incorporated under the laws of Delaware and has its headquarters and principal place of business in Seattle, Washington. (*See* Exh. B, FAC ¶¶ 1, 5; RFJN Lumba *Keller* Decl., ¶ 3.) This makes Amazon a citizen of Washington and Delaware for diversity purposes. 28 U.S.C. § 1332(c)(1). Accordingly, at least one member of the putative plaintiff class is a citizen of California, while the primary defendants Amazon.com Services, Inc. and Amazon Logistics, Inc. are citizens of Washington and Delaware; thus diversity of citizenship is satisfied and diversity jurisdiction exists under CAFA. 28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any Defendant").

### C. The Amount In Controversy Exceeds $5,000,000.

18. Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). Because Plaintiff does not expressly plead a specific amount of damages, a removing party need only show that it is more likely than not that the amount in controversy exceeds $5 million. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

19. Defendants' burden to establish the amount in controversy is by a preponderance of the evidence. *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547 (2014). *See also Jordan v. Nationstar Mortg., LLC*, 781 F.3d 1178, 1183 (9th Cir. 2015) (citing *Dart Cherokee* for the proposition that there is no anti-removal presumption against CAFA cases). A removing party seeking to invoke CAFA jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. at 554. "If a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court

should err in favor of exercising jurisdiction over the case." Senate Judiciary Report, S. REP. 109-14, at 42 (2005) (citation omitted).

20. A removing defendant is "not required to comb through its records to identify and calculate the exact frequency of violations." *Oda, et al. v. Gucci Am., Inc.*, 2015 U.S. Dist. LEXIS 1672, at *12 (C.D. Cal. Jan. 7, 2015); *see Sanchez v. Russell Sigler, Inc.*, 2015 WL 12765359, *2 (C.D. Cal. April 28, 2015) ("[A] removing defendant is not obligated to research, state and prove the plaintiff's claims for damages.") (citation omitted). *See also LaCross v. Knight Transportation Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) (rejecting plaintiff's argument for remand based on the contention that the class may not be able to prove all amounts claimed: "Plaintiffs are conflating the amount in controversy with the amount of damages ultimately recoverable."); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (in alleging the amount in controversy, Defendants "are not stipulating to damages suffered, but only estimating the damages in controversy."). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe. *LaCross*, 775 F.3d at 1202 (internal citation omitted) (explaining that courts are directed "to first look to the complaint in determining the amount in controversy.").

21. Under *Dart Cherokee*, a removing defendant is not required to submit evidence in support of its removal allegations. *Roa v. TS Staffing Servs, Inc.*, 2015 U.S. Dist. LEXIS 7442, at *4-5 (C.D. Cal. 2015). However, as detailed below, Defendants have established by a preponderance of the evidence that the amount in controversy exceeds $5 million and that the Court has jurisdiction pursuant to CAFA. *See, e.g.*, *Gallegos v. Atria Mgmt. Co., LLC*, 2016 U.S. Dist. LEXIS 104323, at *4-5 (C.D. Cal. Aug. 4, 2016) (denying remand and holding calculations for the purposes of CAFA removal to be grounded in "reasonable assumptions" where the defendant's Director of Payroll multiplied the number of employees by workweeks and average rates of pay to calculate meal period and rest break claims). As discussed below, when the claims of the putative class members in the present case are aggregated, their claims put into controversy over $5 million in potential damages. 28 U.S.C. § 1332(d)(2).

22. Although Defendants deny Plaintiff's factual allegations and deny that she or the class she seeks to represent are entitled to the relief for which she has prayed, Plaintiff's allegations and prayer for relief have "more likely than not" put into controversy an amount that exceeds the $5 million threshold when aggregating the claims of the putative class members as set forth in 28 U.S.C. § 1332(d)(6).[3]

### 1. Evidence Demonstrating Amount in Controversy.

23. Plaintiff seeks to represent a class of all "individuals who work or have worked as delivery drivers for Defendants in the State of California, who contracted directly with Amazon and who were classified by Amazon as independent contractors." (Exh. B, FAC ¶ 1.) The first delivery by a Delivery Partner in California through the Amazon Flex app program occurred on October 2, 2016. (RJN Lumba *Keller* Decl., ¶4). Accordingly, the relevant class period begins October 2, 2016 (the "class period").

24. More than 40,000 putative class members performed delivery services in California during the period from October 2, 2016 to August 26, 2018. (Nickerson Decl., ¶ 5.) Of those putative class members, at least 15,000 had stopped participating in the Flex Program as of August 26, 2018. (*Id.* at ¶ 6.)

#### a. Plaintiff's Sixth Cause of Action For Failure to Pay Wages When Due & Waiting Time Penalties Puts More Than $16,200,000 in Controversy.

25. Plaintiff alleges that Defendants failed to provide "compensation to Plaintiffs for all time worked" as required by Labor Code § 204 and that Defendants failed to "pay wages due to each such employee following separation from employment as required by Labor Code §§ 201

---

[3] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint. Defendants' references to specific damage amounts and citation to comparable cases are provided solely for establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. Amazon maintains that each of Plaintiff's claims is without merit and that Defendants are not liable to Plaintiff or any putative class member. Defendants expressly deny that Plaintiff or any putative class member is entitled to recover any of the penalties they seek in the Complaint. In addition, Defendants deny that liability or damages can be established on a class-wide basis. No statement or reference contained in this removal notice shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendants'] liability." *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

and 202." (Exh. B, FAC ¶¶ 69, 72.) Accordingly, Plaintiff further alleges that all putative class members "are entitled to recover from Defendants waiting time penalties, pursuant to Labor Code section 203, equal to a day's wages, for up to 30 days." (*Id.* ¶ 72.) The First Amended Complaint seeks all unpaid wages to which the putative class members are entitled, including pre- and post- judgment interest. (*Id.* ¶¶ 70, Prayer.)

26.  Plaintiff's Sixth Cause of Action alone puts more than $5,000,000 in controversy, based on a conservative estimate of the waiting-time penalties sought in the First Amended Complaint. If only 50% of the 15,000 former Delivery Partners could recover the alleged maximum penalties sought in the First Amended Complaint (calculated as one day's alleged wages for each of 30 days), the estimated penalties would be $16,200,000 – *i.e.*, $18 per hour[4] x 4 hours per day[5] x 30 days x 7,500 delivery partners.

### b. Plaintiff's Fifth Cause of Action For Failure to Furnish Accurate Wage Statements Puts More Than $2,250,000 in Controversy.

27.  Plaintiff alleges that Defendants "knowingly and intentionally failed to provide timely, accurate, itemized wage statements." (Exh. B, FAC ¶ 65.) Thus, Plaintiff alleges that each putative class member sustained at least one wage statement violation during the limitations period. Accordingly, Plaintiff alleges that each putative class member is "entitled to" all actual and statutory damages available under Labor Code Sections 226(e) and 1174.15.

28.  A wage statement claim has a one-year statute of limitations. Thus, only a portion of the putative class, the "wage statement putative class," are included in Plaintiff's claim for wage statement penalties. From November 1, 2017 through August 26, 2018,[6] more than 45,000 Delivery Partners provided delivery services in California during at least one calendar week.

---

[4] $18 per hour is a conservative estimate of the average hourly fee earned by the Delivery Partners. This is the minimum service fee that can be earned. (Defendants' Request for Judicial Notice in Support of Removal Exh. 2, Declaration of Piyush Lumba ("RJN Lumba *Rittman* Decl." ¶¶ 10-11; *see also* https://flex.amazon.com/.)

[5] 4 hours per day is a conservative estimate of the average amount of time a Delivery Partner spends per day making deliveries as the time spent depends on the Delivery Partner's availability and choice of delivery block. (*See* RJN Lumba *Rittman* Decl., ¶ 12.)

[6] The full limitations period up to the day of removal would result in a larger wage statement putative class.

(Nickerson Decl., ¶ 7.) Thus, a conservative estimate of the wage statement penalties in controversy that only accounts for a single $50 penalty per putative wage statement class member for the alleged initial wage statement violations places at least $2,250,000 in controversy – *i.e.*, 45,000 x $50. This does not include any potential additional penalties for any alleged subsequent wage statement violations, as to putative class members who made deliveries during more than one week.

### c. Plaintiff's Other Causes of Action Put Additional Amounts in Controversy, Clearly Exceeding the CAFA Threshold.

29. A conservative estimate of the waiting time penalties and wage statement penalties sought in the Complaint shows that Plaintiff's alleged amount in controversy adds additional amounts, further confirming that Defendants have demonstrated by a preponderance of the evidence that the amount in controversy easily exceeds the $5,000,000.00 threshold. However, in addition to the foregoing amount, Plaintiff's other causes of action also place yet more amounts in controversy, further exceeding the CAFA threshold.

30. Plaintiff's First, Second, Third, Fourth, Seventh, and Eighth Causes of Action all place additional amounts in controversy. Plaintiff's First Cause of Action for Failure to Reimburse for Business Expenses (Labor Code § 2802) alleges that "Plaintiff and similarly situated Flex Drivers incurred work related expenses" including expenses relating to technology, vehicles, and fuel, *inter alia*, which were incurred in the course of discharging her duties. Therefore, she alleges she and other Delivery Partners are entitled to recover the unpaid balance of these expenses. (Exh. B, FAC ¶¶ 43-47.)

31. Plaintiff's Second Cause of Action for Failure to Pay Minimum Wage (Labor Code §§ 1197, 1194, 1194.2) alleges that because of Defendants' misclassification of the putative class they subsequently failed and refused "to pay Plaintiffs the minimum wage as required by law." (*Id.* ¶¶ 48-53.) Plaintiff seeks damages in amounts to be proven at trial, including liquidated damages, attorneys' fees and costs. (*Id.* ¶ 53.)

32. Plaintiff's Third Cause of Action for Failure to Provide Meal and Rest Periods (Labor Code §§ 226.7, 512) alleges that the putative class members were entitled to meal and rest

periods and that "Defendants knew or should have known that Plaintiffs were working without meal and rest periods and were not compensated for their time." (*Id.* ¶¶ 54-58.)

33. Plaintiff's Fourth Cause of Action for Failure to Pay Overtime (Labor Code §§ 510, 1194, 1197) alleges that because of Defendants' misclassification of the putative class they subsequently failed to pay overtime wages. (*Id.* ¶¶ 59-63.)

34. Plaintiff's Seventh Cause of Action for Violation of Private Attorneys General Act ("PAGA") (Labor Code § 2698, *et seq.*) alleges that the putative class members are entitled to penalties based on Defendants violations in causes of action one through six, including attorneys' fees, as set forth under PAGA. (*Id.* ¶¶ 73-81.)

35. Plaintiff's Eighth Cause of Violation of the Unfair Competition Law (Labor Code §§ 17200 *et seq.*) alleges that Defendants' conduct as alleged in the First Amended Complaint, violated California Unfair Competition Law. Accordingly, Plaintiff seeks to recover associated penalties, and attorneys' fees as permitted by law. (*Id.* 82-89.)

36. Additionally, Plaintiff seeks recovery of attorneys' fees. (Exh. B, FAC, Prayer for Relief ¶ G.) Attorneys' fees are properly included in determining the amount in controversy. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007). Estimated future attorneys' fees are properly included in determining the amount in controversy, including for class actions seeking fees under Labor Code Section 226. *See Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793-794 (9th Cir. 2018) ("Because the law entitles [the plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy."). The Ninth Circuit held that future fee estimates can be based on "customary rates and proper fees," and that "a percentage-based method," such as 25% of the amount in controversy, may also be relevant when estimating the amount of fees included in the amount in controversy. *Id.* at 795 and 796, fn. 6.

37. Defendants deny Plaintiff's claim for attorneys' fees. However, for purposes of removal, even though Defendants have already demonstrated by a preponderance of the evidence that the amount in controversy exceeds $5,000,000, Defendants note that the inclusion of future attorneys' fees would increase the amount in controversy by a material amount.

### D. Exceptions to CAFA Do Not Apply.

#### 1. The Home State Exception Does Not Apply Because Primary Defendants Amazon.com Services, Inc. and Amazon Logistics, Inc. Are Diverse.

38. The Home State Exception to CAFA removal does not apply to this matter. In limited circumstances a federal district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction over a class action where greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the *primary defendants* are citizens of the state in which the class action was originally filed. 28 U.S.C. § 1332(d)(3) (emphasis added). A "primary defendant" is one which is most able to satisfy a judgment, sued directly, and the subject of a significant portion of claims. *Kendrick v. Xerox State & Local Sols., Inc.*, 2018 WL 1605104, at *4 (N.D. Cal. Apr. 3, 2018), *aff'd sub nom. Kendrick v. Conduent State & Local Sols., Inc.*, (9th Cir. Dec. 13, 2018). This is in contrast to other defendants who played a secondary role by merely assisting in the alleged wrongdoing, or who are only vicariously liable. *See McCracken v. Verisma Sys., Inc.*, WL 2080279 at *3 (W.D.N.Y. May 15, 2017).

39. Here, Plaintiff brings all of her claims against the primary Amazon Defendants and alleges only vicarious liability pursuant to Labor Code section 558.1 as to the individual defendants Monie, Brown and Gordon, all of whom are former board members for Amazon.com, Inc. – who is not a named defendant in this action. (Exh. B, FAC ¶¶ 7-9). Moreover, as noted above, the primary defendants Amazon.com Services, Inc. and Amazon Logistics, Inc. are both citizens of Washington and Delaware, not California. Therefore, because the Amazon.com Services, Inc. and Amazon Logistics, Inc. are both non-California citizens and primary defendants, the Home State Exception to CAFA removal jurisdiction does not apply.

#### 2. The Local Controversy Exception Does Not Apply Because Similar Class Actions Have Been Filed Against The Primary Amazon Defendants Within the Last Three Years.

40. This Local Controversy Exception only applies when <u>all</u> four of the following elements are met: (1) more than two-thirds of the putative class members are citizens of the State

in which the case was originally filed; (2) at least one defendant is a defendant from whom significant relief is sought by putative class members, whose alleged conduct forms a *significant basis* for the claims asserted, and who is a citizen of the State in which the action was originally filed; (3) principal injuries resulting from the alleged conduct or any related conduct by each defendant were incurred in the State in which the action was originally filed; ***and (4) during the three-year period before the class action was filed, no other class action was filed asserting the same or similar factual allegations against any of the defendants by the same or other individuals***. 28 U.S.C. § 1332(d)(4)(A) (emphasis added).

41. Plaintiff cannot and will not be able to show that the fourth element of this exception has been met, as Defendants have previously advised Plaintiff of the other already pending class actions against Amazon, each asserting the same or similar factual allegations, within the past three-years.[7] Moreover, and as discussed above, there are no defendants whose alleged conduct forms a *significant basis* for the claims asserted who are citizens of California. As alleged in the First Amended Complaint, the three individual defendants are only included subject to vicarious liability imposed by Labor Code section 558.1.

## IV. <u>VENUE</u>

42. This action was originally filed in the Superior Court for the County of Marin. Initial venue is therefore proper in this district, pursuant to 28 U.S.C. § 1441(a), because it encompasses the county in which this action has been pending.

## V. <u>NOTICE</u>

43. Defendants will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

---

[7] Currently pending cases include, for example: (1) *Rittman, et al. v. Amazon.com, Inc. et al.*, Case No. 2:16-cv-01554 (W.D. Wash.); (2) *Lawson v. Amazon.com, Inc. et al*, Case No. 2:17-cv-02515 (transferred to W.D. Wash. and consolidated with *Rittman*); and (3) *Keller v. Amazon.com, Inc. et al.,* Case No. 3:17-cv-02219 (N.D. Cal.).

## VI. CONCLUSION

44. Based on the foregoing, Defendants request that this action be removed to this Court. If any question arises as to the propriety of the removal of this action, Defendants respectfully request the opportunity to present a brief and oral argument in support of their position that this case is subject to removal.

Dated: January 16, 2019                         MORGAN, LEWIS & BOCKIUS LLP


By  /s/ *Amy A. McGeever*
John S. Battenfeld
Brian D. Fahy
Amy A. McGeever

Attorneys for Defendants
AMAZON.COM SERVICES, INC.;
AMAZON LOGISTICS, INC.